IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS



FILED
JAMES BONINI
CLERK

09 AUG 25  PM 2: 45

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| RICHARD J. FRIEDMAN, JR. AS ADMINISTRATOR OF THE ESTATE OF MICHAEL BRATEK, DECEASED<br>6161 South Park Avenue<br>Hamburg, New York  14075 | CASE NO.:  **2 :09 cv 749** |
| Plaintiff | Judge:<br><br>**JUDGE SARGUS**<br><br>**MAGISTRATE JUDGE KEMP** |
| -vs- | |
| CASTLE AVIATION, AN OHIO CORPORATION<br>AKRON-FULTON INTERNATIONAL AIRPORT<br>C/O STATUTORY AGENT<br>MICHAEL H. GROSSMANN<br>5430 Lauby Road, Building 10<br>North Canton, OH  44720 | **COMPLAINT WITH JURY DEMAND** |
| And | |
| AVION CAPITAL CORPORATION<br>C/O A. MICHAEL ZAHARE<br>431 W. 7th Avenue<br>Anchorage, Alaska  99501 | |
| And | |
| TOTAL AIRPORT SERVICES<br>A FOREIGN CORPORATION<br>INCORPORATED UNDER THE LAWS OF THE STATE OF CALIFORNIA<br>C/O GLEN KEARNEY<br>345 Lincolnshire Road<br>Gahanna, OH  43230 | |
| And | |
| COLUMBUS REGIONAL AIRPORT AUTHORITY<br>AN INDEPENDENT GOVERNMENTAL | |

ENTITY WHICH OPERATES
RICKENBACKER INTERNATIONAL                    :
AIRPORT
C/O ELAINE ROBERTS, AAE                       :
4600 International Gateway
Columbus, OH  43219                           :

     And                                     :

THE CESSNA AIRCRAFT COMPANY                   :
A KANSAS CORPORATION DBA IN THE
STATE OF OHIO                                 :
c/o CT Corporation System
1300 East Ninth Street                        :
Cleveland, Ohio  44114
                                              :

     And                                     :

THE ESTATE OF JAMES A. BABCOCK,               :
DECEASED
C/O JENNIFER L. BABCOCK                       :
5715 Canaan Center Road
Wooster, Ohio  44691                          :

     Defendants                              :


Comes now the Plaintiff, by and through the undersigned attorneys, complaining against the Defendants, and based upon information and belief states as follows:


## I. <u>JURISDICTION AND VENUE</u>

1.    This action seeks recovery for damages arising from the fatal injuries suffered by MICHAEL BENTON BRATEK in the crash of a Cessna Model 208B airplane near Rickenbacker International Airport in Columbus, Ohio, on December 5, 2007.

2.    Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a) as this is an action wherein:

a.      The decedent, MICHAEL BENTON BRATEK, at the time of his death was a citizen and a resident of the Village of Blasdell, State of New York and the Plaintiff, RICHARD J. FRIEDMAN, JR., as administrator and personal representative of the Estate of MICHAEL BENTON BRATEK is also a citizen of the State of New York, the heirs and surviving natural parents of MICHAEL BENTON BRATEK, EUGENE J. BRATEK and BEVERLY BRATEK, are citizens and residents of the State of New York.

b.      The Defendant, CASTLE AVIATION, is an active, duly registered Ohio corporation with its principal place of business in Akron, Ohio;

c.      The Defendant, AVION CAPITAL CORPORATION, is a foreign corporation with its principal place of business in the State of Alaska which owns and leases aircraft in the State of Ohio and which thereby does substantial business in the State of Ohio;

d.      The Defendant, TOTAL AIRPORT SERVICES, is a foreign corporation with its principal place of business in the State of California which maintains a registered business address and agent in the State of Ohio and which thereby does substantial business in the State of Ohio; and

e.      The Defendant, COLUMBUS REGIONAL AIRPORT AUTHORITY, is an independent, governmental entity existing under the laws of the State of Ohio with its principal place of business in Franklin County, Ohio which does substantial business in the State of Ohio by virtue of the operation of three central Ohio commercial airports;

f.      The Defendant CESSNA AIRCRAFT COMPANY, is a Kansas corporation doing substantial business in the State of Ohio which maintains a corporate registered agent in the State of Ohio;

g.    THE ESTATE OF JAMES A. BABCOCK, Deceased was opened in the City of Wooster, Wayne County, Ohio and is represented by an executor and personal representative appointed by a Court of competent jurisdiction in the State of Ohio on December 12, 2007;

h.    The amount in controversy exceeds the sum of $75,000 U.S. Dollars (Seventy Five Thousand Dollars) for the decedent's claim, exclusive of interest and costs.

3.    Venue in the United States District Court for the Southern District of Ohio, Eastern Division satisfies the requirements of 28 U.S.C. §1391(a), in that one or more of the Defendants resides in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and/or one or more of the Defendants are subject to personal jurisdiction in this District and there is no other district in which the action may otherwise be brought.

## II.  GENERAL ALLEGATIONS

4.    At all times prior to December 5, 2007 and at all times relevant to the facts of this accident the Defendant, CESSNA AIRCRAFT COMPANY, designed, manufactured and assembled a certain aircraft, to-wit: Cessna Model 208B, Serial Number 208B0732(1999).

5.    The subject aircraft on or about and at all times relevant to December 5, 2007 was owned by the Defendant, AVION CAPITAL CORPORATION, and operated subject to a lease agreement with the Defendant, CASTLE AVIATION, an Ohio corporation.

6.    Subsequent to its original sale of the subject aircraft, the Defendant, CESSNA AIRCRAFT COMPANY, continued to provide customer support for the subject aircraft

4

including Alert Service Bulletins, Service Bulletins, Manual revisions and other like customer support services.

7.    On December 5, 2007 and at all times herein relevant, the subject aircraft was certified by the government of the United States by and through the Federal Aviation Administration for flight into known icing conditions.

8.    On December 5, 2007, the subject aircraft was being operated in the State of Ohio near the Rickenbacker International Airport, in Columbus, Ohio with an intended destination of Buffalo, New York. Plaintiff's Decedent, MICHAEL BENTON BRATEK, was a non-flying passenger on the flight on December 5, 2007.

9.    On December 5, 2007, the Defendant, CASTLE AVIATION, an Ohio corporation with its principal place of business in Akron, Ohio, dispatched and/or released the aircraft for its intended flight plan in instrument meteorological conditions, moderate snowfall and forecast icing conditions pursuant to an Instrument Flight Rules (IFR) Plan which was filed prior to departure.

10.    On or about December 5, 2007, the Defendant, TOTAL AIRPORT SERVICES, a California corporation doing business in the State of Ohio and, specifically, providing ramp de-icing services for flights at Rickenbacker International Airport, Columbus, Ohio, loaded and de-iced the subject aircraft with 160 gallons of Type-1 de-icing fluid prior to the aircraft's attempted departure at 6:49 eastern standard time.

11.    The Defendant, TOTAL AIRPORT SERVICES, provides de-icing and ramp services for aircraft at the Rickenbacker International Airport pursuant to a contract entered into with the COLUMBUS REGIONAL AIRPORT AUTHORITY, Columbus, Ohio.

12.    On or about December 5, 2007, the pilot of the subject aircraft, JAMES A. BABCOCK, was an employee of the Defendant, CASTLE AVIATION, an Ohio corporation who held commercial pilot certificates with single engine land, multi engine land and airplane instrument ratings along with a second class medical certificate current as of September, 2007.  The Decedent, JAMES A. BABCOCK, was pilot in command of the subject aircraft at the time of the accident on December 5, 2007.

## FIRST CLAIM FOR RELIEF – NEGLIGENCE OF THE DEFENDANT
## CASTLE AVIATION

13.    Plaintiff incorporates herein by reference paragraphs 1 through 12, inclusive of the general allegations as though fully set forth herein.

14.    On December 5, 2007, the subject aircraft was being operated and used for the purposes and in a manner for which it was designed, manufactured, assembled, inspected, tested, sold and intended to be used and in a manner reasonably foreseeable to the Defendants, CASTLE AVIATION, AVION CAPITAL CORPORATION, TOTAL AIRPORT SERVICES, the COLUMBUS REGIONAL AIRPORT AUTHORITY, THE CESSNA AIRCRAFT COMPANY and the pilot, decedent, JAMES A. BABCOCK.

15.    On December 5, 2007, the subject aircraft was being operated and used for the purposes and in a manner for which it was designed, manufactured, assembled, inspected, tested and sold and intended to be used and in a manner reasonably foreseeable to the Defendant, CESSNA AIRCRAFT COMPANY and in a condition without substantial change from its original condition when it was sold and delivered by the Defendant, CESSNA AIRCRAFT COMPANY.

16.    At the time the subject aircraft crashed on December 5, 2007 and at all times relevant prior to this accident the Defendant, CASTLE AVIATION, was negligent in the following respects:

a.    The Defendant CASTLE AVIATION dispatched and/or released the subject aircraft for flight into meteorological conditions which prevailed, which were in excess of those conditions for which the aircraft was certified.

b.    The Defendant, CASTLE AVIATION, permitted the aircraft to be de-iced on the airport ramp with Type 1 de-icing fluid which was inadequate to prevent further accumulations of ice and snow on the aircraft control and lifting surfaces and permitted the subject aircraft to attempt take-off at a time for an aircraft being de-iced with Type 1 de-icing fluid.

c.    The Defendant, CASTLE AVIATION, failed to determine the correct procedures and limitations applicable to the operation of a Cessna 208B aircraft in winter operating conditions and failed to provide JAMES A. BABCOCK, the pilot of the accident aircraft, with the appropriate information and training to operate a Cessna 208B aircraft in winter operating conditions.

d.    The Defendant, CASTLE AVIATION, dispatched and/or released the subject aircraft for its intended flight in an unacceptable, unairworthy and illegal condition in that the aircraft did not comply with its own certification basis by virtue of a non-functioning, inappropriately calibrated oral stall warning system and by virtue of other known defects in the Caravan 208B aircraft which were relevant to the operation of the aircraft in known icing conditions.

e.    The Defendant, CASTLE AVIATION, dispatched and/or released the subject aircraft for its intended flight in an unacceptable, unairworthy and illegal condition in that the aircraft did not comply with its own certification basis by virtue of ice and snow that had accumulated on the aircraft rendering it unairworthy and making the attempted take-off illegal.

f.    On December 5, 2007 the Defendant, CASTLE AVIATION, negligently and carelessly employed JAMES A. BABCOCK, a pilot inadequately trained to operate the Cessna 208B aircraft in winter operating conditions and a pilot who had previously demonstrated an unsafe record of pilot performance and had failed to meet Federal Aviation Administration requirements for his intended pilot ratings on numerous occasions including check ride failures in 1998, 1999 and 2007. The pilot, JAMES A. BABCOCK, also failed an FAA CFI (Certified Flight Instructor) flight test prior to his hiring by the Defendant CASTLE AVIATION, which was unaware of any of the failed check ride performances.

17.    As a direct and proximate result of one or more of the foregoing errors and omissions, acts of negligence, and violations of reasonable aircraft operations standards, the subject aircraft, was caused to crash into the ground near Rickenbacker International Airport during its attempted take-off at approximately 06:51 eastern standard time on December 5, 2007, causing Plaintiff's Decedent, MICHAEL BENTON BRATEK, to suffer personal injuries resulting in his death.

18.    Prior to his death, MICHAEL BENTON BRATEK, a passenger on board the subject accident aircraft was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror.

8

19.    At the time of his death, Plaintiff's Decedent, MICHAEL BENTON BRATEK, left surviving next of kin including his natural mother, BEVERLY BRATEK and natural father, EUGENE J. BRATEK.

20.    By reason of the above Defendant's acts and omissions, the surviving next of kin of Plaintiff's Decedent, MICHAEL BENTON BRATEK, and each of them, have sustained substantial personal and pecuniary damages, including but not limited to loss of society and companionship, loss of goods and services, loss of support, and the loss of Decedent's earning capacity.

**WHEREFORE**, the Plaintiff RICHARD J. FRIEDMAN, JR., individually and as the personal representative of the Estate of MICHAEL BENTON BRATEK, Deceased and on behalf of the individual heirs and natural parents of the decedent, pray that judgment be entered in their favor and against the Defendant, CASTLE AVIATION, in a sum in excess of the $75,000 jurisdictional limitation for each decedent's claim, together with prejudgment interest, attorney's fees and the costs of this action.

## SECOND CLAIM FOR RELIEF - NEGLIGENCE OF THE DEFENDANT
## AVION CAPITAL CORPORATION

21.    Plaintiff incorporates herein by reference paragraphs 1 through 20, inclusive of the general allegations as though fully set forth herein.

22.    On December 5, 2007, and at all times relevant hereto, the Defendant AVION CAPITAL CORPORATION, an Alaska corporation doing business in and through numerous states in the continental United States, including the State of Ohio as a foreign corporation, owned a certain Cessna 208B model aircraft designated as N28MG, serial number 208B0732(1999).

23.    On December 5, 2007, and at all times herein relevant, the subject aircraft was leased by the Defendant, AVION CAPITAL CORPORATION, to the Defendant, CASTLE AVIATION, for the delivery of cargo and the transportation of 14 C.F.R. Part 91 and 14 C.F.R. Part 135 in the State of Ohio and throughout the midwest and northeastern United States in both summer and winter months.

24.    The Defendant, AVION CAPITAL CORPORATION, was negligent in the following respects:

a.    Knowing that the Cessna 208B model aircraft would be operated by the Defendant and Lessee, CASTLE AVIATION,  an Ohio corporation, the Defendant, AVION CAPITAL CORPORATION, failed to disclose its knowledge of the regulatory activities which had occurred surrounding the certification of the Cessna 208 B model to the operator of the aircraft based upon government disclosures in 1996, 1999, 2000, 2004, 2005, 2006 and 2007.

b.    The Defendant, AVION CAPITAL CORPORATION, failed to disclose the history of aircraft accidents involving the Cessna 208B aircraft in winter operating conditions to its lessee, the Defendant, CASTLE AVIATION.

c.    As of 2006 and as revised in Airworthiness Directives published in 2007, the Cessna 208B aircraft was prohibited from being dispatched or operating in icing conditions which exceeded the Federal Aviation Administration definition of "light" icing conditions.  Dispatch of the aircraft on the day of the accident into moderate snow at freezing temperatures was prohibited. The Defendant, AVION CAPITAL CORPORATION, as the owner of record with the FAA, failed to disclose limitations on the operation of the aircraft to CASTLE AVIATION.

d.    The Defendant, AVION CAPITAL CORPORATION, failed to investigate the operation of its lessee, CASTLE AVIATION, to determine whether or not an aircraft with known sensitivity to light and moderate icing conditions would be operated by its lessee on a consistent basis in those conditions.

e.    The Defendant, AVION CAPITAL CORPORATION, failed to investigate the history of the lessee, CASTLE AVIATION and its pilots, including but not limited to the accident aircraft pilot, JAMES A. BABCOCK, in order to determine whether or not the lessee's pilots in command had the appropriate training for the operation of a Cessna 208B aircraft in known icing conditions and whether or not the pilots acting on behalf of the Defendant, CASTLE AVIATION, had proven themselves to be reasonably prudent pilots by virtue of their initial training, recurrent training and the passage of periodic check rides.

25.    That notwithstanding the aforesaid duties, the Defendant AVION CAPITAL CORPORATION breached its duty or duties to the members of the public, inclusive of the Plaintiff's Decedent, MICHAEL BENTON BRATEK.

26.    As a direct and proximate result of the breach of duty by the Defendant, AVION CAPITAL CORPORATION, the subject aircraft crashed into the ground near Columbus, Ohio at approximately 6:51 a.m. local time on December 5, 2007, causing Plaintiff's Decedent, MICHAEL BENTON BRATEK, to suffer personal injuries resulting in his death.

27.    Prior to his death, MICHAEL BENTON BRATEK, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror.

11

28.     At the time of his death, Plaintiff's Decedent, MICHAEL BENTON BRATEK, left surviving certain next of kin, including his natural mother, BEVERLY BRATEK, and his natural father, EUGENE J. BRATEK.

29.     By virtue of the negligent acts and omissions of the Defendant, AVION CAPITAL CORPORATION, the surviving next of kin of Plaintiff's Decedent, MICHAEL BENTON BRATEK, and each of them, has sustained personal and pecuniary damages, including but not limited to loss of society and companionship, loss of goods and services, loss of support, and the loss of decedent's earning capacity.

**WHEREFORE,** the Plaintiff, RICHARD J. FRIEDMAN, JR., individually and as personal representative of the Estate of MICHAEL BENTON BRATEK, on behalf of the certain heirs of the decedent prays that judgment be entered in their favor against the Defendant, AVION CAPITAL CORPORATION, in a sum in excess of $75,000 for the decedent's claim, together with prejudgment interest, attorney's fees and the costs of this action.

## THIRD CLAIM FOR RELIEF - NEGLIGENCE OF THE DEFENDANT
## TOTAL AIRPORT SERVICES

30.     Plaintiff incorporates herein by reference paragraphs 1 through 29, inclusive of the general allegations as though fully set forth herein.

31.     On December 5, 2007, and at all times relevant hereto, the Defendant, TOTAL AIRPORT SERVICES, a California corporation registered to do business in the State of Ohio as a foreign corporation, provided airport ramp services, including de-icing services at the Rickenbacker International Airport in Columbus, Ohio.

32.    On December 5, 2007, and at all times relevant hereto the Defendant, TOTAL AIRPORT SERVICES, failed to act as a reasonable provider of technical de-icing services for general aviation aircraft in that on December 5, 2007 its agents, employees and representatives de-iced the subject accident aircraft, a Cessna 208B model aircraft, with Type 1 de-icing fluid during moderate winter precipitation conditions wherein the Defendant knew or should have known that the time for executing a successful take-off would be limited.

33.    On December 5, 2007, the Defendant, TOTAL AIRPORT SERVICES, knew or should have known that the Cessna Caravan 208B aircraft model, identical to the subject accident aircraft was sensitive to the performance and operational effects of ice and snow, had a significant accident history in winter operating conditions and was an aircraft model whose dangerous and defective performance and operational characteristics made it inappropriate for the application of Type 1 de-icing fluid in moderate winter precipitation conditions.

34.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, TOTAL AIRPORT SERVICES, the subject accident aircraft was caused to crash into the ground near Rickenbacker International Airport in Columbus, Ohio causing Plaintiff's Decedent, MICHAEL BENTON BRATEK, to suffer personal injuries resulting in his death.

35.    Prior to his death, MICHAEL BENTON BRATEK, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of pain, conscious pain and suffering and severe terror.

36.    At the time of his death, Plaintiff's Decedent, MICHAEL BENTON BRATEK, left surviving certain next of kin, including his natural mother, BEVERLY BRATEK, and his natural father, EUGENE J. BRATEK.

37.    By virtue of the negligent acts and omissions of the Defendant, TOTAL AIRPORT SERVICES, the surviving next of kin of Plaintiff's Decedent, MICHAEL BENTON BRATEK, and each of them, has sustained personal and pecuniary damages, including but not limited to loss of society and companionship, loss of goods and services, loss of support, and the loss of decedent's earning capacity.

**WHEREFORE,** the Plaintiff, RICHARD J. FRIEDMAN, JR., individually and as personal representative of the Estate of MICHAEL BENTON BRATEK, on behalf of the certain heirs of the decedent prays that judgment be entered in their favor against the Defendant, TOTAL AIRPORT SERVICES, in a sum in excess of $75,000 for the decedent's claim, together with prejudgment interest, attorney's fees and the costs of this action.

## FOURTH CLAIM FOR RELIEF - NEGLIGENCE OF THE DEFENDANT
## COLUMBUS REGIONAL AIRPORT AUTHORITY

38.    Plaintiff incorporates herein by reference paragraphs 1 through 37, inclusive, including the general allegations as though fully set forth herein.

39.    On or about December 5, 2007, the Defendant, COLUMBUS REGIONAL AIRPORT AUTHORITY, was the owner and operator of the Rickenbacker International Airport and the contracting party for ramp services as provided by an agreement with the Defendant, TOTAL AIRPORT SERVICES.

14

40.    On or about December 5, 2007, and at all times herein relevant, the Defendant, COLUMBUS REGIONAL AIRPORT AUTHORITY, failed to exercise reasonable care in contracting with and hiring a subcontractor for the provision of ramp services including de-icing services to general aviation and cargo class aircraft. The COLUMBUS REGIONAL AIRPORT AUTHORITY by virtue of its contracting authority with the Defendant, TOTAL AIRPORT SERVICES, exposed the flying public, including Plaintiff's Decedent to the risk created by the use of inappropriate Type 1 de-icing fluid on aircraft that suffered substantial performance and operation penalties in winter operating conditions including the presence of moderate winter precipitation such as that present at the time of the accident on December 5, 2007.

41.    On December 5, 2007, and at all times herein relevant, it was the duty of the Defendant COLUMBUS REGIONAL AIRPORT AUTHORITY, to provide reasonably safe ramp services to aircraft utilizing the Rickenbacker International Airport so as not to cause injury to members of the public or to expose members of the public including Plaintiff's Decedent, MICHAEL BENTON BRATEK, to the unreasonable risk associated with the use of Type 1 de-icing fluid in moderate winter precipitation conditions.

42.    At the time of his death, MICHAEL BENTON BRATEK was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror.

43.    At the time of his death, Plaintiff's Decedent, MICHAEL BENTON BRATEK, left surviving certain next of kin, including his natural mother, BEVERLY BRATEK, and his natural father, EUGENE J. BRATEK.

44.    By virtue of the Defendant, COLUMBUS REGIONAL AIRPORT AUTHORITY'S, negligent acts and omissions, the surviving next of kin of Plaintiff's Decedent, MICHAEL BENTON BRATEK, and each of them, has sustained substantial personal and pecuniary damages, including but not limited to loss of society and companionship, loss of goods and services, loss of support, and the loss of Decedent's earning capacity.

**WHEREFORE,** the Plaintiff, RICHARD J. FRIEDMAN, JR., individually and as personal representative of the Estate of MICHAEL BENTON BRATEK, on behalf of the certain heirs of the decedent prays that judgment be entered in their favor against the Defendant, TOTAL AIRPORT SERVICES, in a sum in excess of $75,000 for the decedent's claim, together with prejudgment interest, attorney's fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF - NEGLIGENCE OF THE DEFENDANT
## JAMES A. BABCOCK, DECEASED

45.    Plaintiff incorporates herein by reference paragraphs 1 through 44, inclusive of all of the general allegations as though fully set forth herein.

46.    On December 5, 2007, the subject accident aircraft was being operated by JAMES A. BABCOCK, Deceased,  in the course of his duties as an employee, agent and representative of the Defendant, CASTLE AVIATION, as a Title 14 C.F.R. Part 135 cargo flight en route from Columbus, Ohio to Buffalo, New York.

47.    Pilot JAMES A. BABCOCK failed to act as a reasonably prudent pilot in the following respects:

a.    JAMES A. BABCOCK as pilot in command and in furtherance of the business of the Defendant, CASTLE AVIATION, chose to attempt to take-off in the subject accident aircraft at a time which was beyond the holdover time for Type 1 de-icing fluid in moderate winter precipitation conditions which he knew or should have known were imposed by the utilization of Type 1 de-icing fluid.

b.    The Defendant JAMES A. BABCOCK, in the furtherance of the business of CASTLE AVIATION attempted to take-off in the subject accident aircraft when he knew or should have known that the Cessna Caravan 208B aircraft would be adversely affected in its climb and operational performance in moderate winter precipitation conditions. The Defendant, JAMES A. BABCOCK, failed to take into account what he knew or should have known about the history of the Cessna 208B aircraft model and its accident record in winter operating conditions.

c.    JAMES A. BABCOCK as pilot in command, failed to act as a reasonably prudent pilot in that he acted in disregard of the pilot reports provided by four additional aircraft that departed from Rickenbacker International Airport in Columbus, Ohio during the 30 minutes preceding the accident. Each of the four aircraft departing between 06:27 eastern standard time and 06:51, eastern standard time the time of the accident, accumulated ice and snow at a variety of altitudes.

d.    Pilot JAMES A. BABCOCK, Deceased, failed to act as a reasonably prudent pilot when he chose to disregard the pilot report of the flight departing immediately before the accident flight which at 06:45 eastern standard time reported moderate snow fall. Moderate snow fall would have exceeded the approved operating envelope applicable

to the Caravan 208B aircraft in December, 2007 rendering the aircraft take-off illegal and the aircraft itself unairworthy.

e.    The pilot, JAMES A. BABCOCK, Deceased, attempted to take-off in the accident aircraft at 06:51 eastern standard time, seven minutes after the completion of the de-icing procedure utilizing Type 1 de-icing fluid.  In moderate snow with temperatures at or below 1° Celsius  it is likely that the aircraft accumulated ice and snow on the aircraft wings, horizontal stabilizer and other aircraft lift and control surfaces before the attempted take-off.  This was In violation of Federal Aviation Regulations general operating and flight rules, specifically, 14 C.F.R. Part 91.527, et seq. which prohibits a take-off with an airplane that has frost, snow or ice adhering to any propeller, power plant installation, wing stabilizer or control surface.

48.    As a direct and proximate result of one or more of the foregoing acts of negligence or omissions of the Defendant, JAMES A. BABCOCK, Deceased, the subject accident aircraft crashed to the ground near Rickenbacker International Airport in Columbus, Ohio at approximately 6:51 a.m. local time on December 5, 2007, causing Plaintiff's Decedent, MICHAEL BENTON BRATEK to suffer personal injuries resulting in his death.

49.    Prior to his death, MICHAEL BENTON BRATEK was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature inclusive of conscious pain and suffering and severe terror.

50.    At the time of his death, Plaintiff's Decedent, MICHAEL BENTON BRATEK, left surviving next of kin, including his natural mother, BEVERLY BRATEK, and his natural father, EUGENE J. BRATEK.

51.    By reason of the Defendant JAMES A. BABCOCK'S acts and omissions the surviving next of kin of Plaintiff's Decedent, MICHAEL BENTON BRATEK, and each of them, have sustained substantial personal and pecuniary damages, including but not limited to loss of society and companionship, loss of goods and services, loss of support and loss of the decedent's earning capacity.

**WHEREFORE**, the Plaintiff RICHARD J. FRIEDMAN, JR., individually and as the personal representative of the Estate of MICHAEL BENTON BRATEK, Deceased and on behalf of the individual heirs and natural parents of the decedent, pray that judgment be entered in their favor and against the Defendant, The Estate of JAMES A. BABCOCK, Deceased, in a sum in excess of $75,000 for the decedent's claim, together with prejudgment interest, attorney's fees and the costs of this action.

### SIXTH  CLAIM FOR RELIEF – NEGLIGENCE OF THE DEFENDANT THE CESSNA AIRCRAFT COMPANY

52.    Plaintiffs incorporate herein by reference paragraphs one through 51, inclusive, of the General Allegations as though fully set forth herein.

53.    On December 5, 2007, the Subject Aircraft was being operated and used for the purposes and in a manner for which it was designed, manufactured, assembled, inspected, tested, sold and intended to be used and in a manner reasonably foreseeable to the Defendant, CESSNA AIRCRAFT COMPANY, and in a condition without substantial change from its original condition when it was sold and delivered by the Defendant, CESSNA AIRCRAFT COMPANY.

54.    At the time the Subject Aircraft left the control of the Defendant, CESSNA AIRCRAFT COMPANY, it was defective, not fit for its intended purposes and unreasonably dangerous by reason of defective design, manufacture, assembly, inspection, testing, warning, instruction, sale, service, repair and/or maintenance.

55.    As a direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions of the Subject Aircraft, it crashed into the ground near Columbus, Ohio at approximately 6:51 a.m. local time on December 5, 2007, causing Plaintiffs' Decedent, MICHAEL BENTON BRATEK, to suffer personal injuries resulting in his death.

56.    Prior to his death, MICHAEL BENTON BRATEK, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror.

57.    At the time of his death, Plaintiffs' Decedent, MICHAEL BENTON BRATEK, left surviving certain next of kin, including his natural mother, BEVERLY BRATEK and his natural father, EUGENE J. BRATEK

58.    By reason of the premises, the surviving next of kin of Plaintiff's Decedent, MICHAEL BENTON BRATEK, and each of them, have sustained substantial personal and pecuniary damages, including but not limited to loss of society and companionship, loss of goods and services, loss of support, and the loss of the decedents' earning capacity.

**WHEREFORE**, the Plaintiff RICHARD J. FRIEDMAN, JR., individually and as the personal representative of the Estate of MICHAEL BENTON BRATEK, Deceased and on behalf of the individual heirs and natural parents of the decedent, pray that judgment be entered in their favor and against the Defendant, THE CESSNA AIRCRAFT COMPANY, in

a sum in excess of $75,000 for the decedent's claim, together with prejudgment interest, attorney's fees and the costs of this action.

## SEVENTH CLAIM FOR RELIEF – NEGLIGENCE PER SE -  CESSNA

59.     Plaintiff incorporates herein by reference paragraphs 1 through 58, inclusive of all of the general allegations as though fully set forth herein.

60.     That at all times herein relevant, it was the duty of the Defendant, CESSNA AIRCRAFT COMPANY, to exercise reasonable care in the design, manufacture, assembly, sale and/or distribution of the Subject Aircraft so as not to cause injury to members of the public, inclusive of the Plaintiffs' Decedent, MICHAEL BENTON BRATEK, and in accordance with sound engineering principles and the minimal design requirements of the Federal Air Regulations set forth in 14 CFR Part 23, had certain additional duties relative to the design, manufacture, testing, instructions as to use and warnings, pertinent to the Subject Aircraft.

61.     That notwithstanding the aforesaid duties, the Defendant, CESSNA AIRCRAFT COMPANY, breached its duty or duties to members of the public, inclusive of the Plaintiffs' Decedent, MICHAEL BENTON BRATEK.

62.     That as a direct and proximate result of the breach of duty by the Defendant, CESSNA AIRCRAFT COMPANY, the Subject Aircraft, crashed into the ground near Columbus, Ohio at approximately 6:51 a.m. local time on December 5, 2007, causing Plaintiffs' Decedent, MICHAEL BENTON BRATEK, to suffer personal injuries resulting in their deaths.

63.     Prior to his death, MICHAEL BENTON BRATEK, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror.

64.     At the time of his death, Plaintiffs' Decedent, MICHAEL BENTON BRATEK, left surviving certain next of kin, including his natural mother, BEVERLY BRATEK and his natural father, EUGENE J. BRATEK.

65.     By reason of the premises, the surviving next of kin of Plaintiffs' Decedent, MICHAEL BENTON BRATEK, and each of them, have sustained substantial personal and pecuniary damages, including but not limited to loss of society and companionship, loss of goods and services, loss of support, and the loss of the decedents' earning capacity.

66.     RICHARD J. FRIEDMAN, JR. is the personal representative of the Estate of MICHAEL BENTON BRATEK, deceased.

**WHEREFORE** the Plaintiff, RICHARD J. FRIEDMAN, JR., individually and as personal representative of the Estate of MICHAEL BENTON BRATEK, deceased, on behalf of the certain heirs of the decedent prays that judgment be entered in their favor and against the Defendant, CESSNA AIRCRAFT COMPANY, in a sum in excess of seventy-five thousand dollars ($75,000) for the decedent's claim, together with prejudgment interest, attorneys' fees and costs of this action.


## EIGHTH  CLAIM FOR RELIEF - BREACH OF WARRANTY – CESSNA

67.     Plaintiff incorporates herein by reference paragraphs 1 through 66 inclusive of all of the general allegations as though fully set forth herein.

68.     That before and at the time of the sale and delivery of the Subject Aircraft, the Defendant, CESSNA AIRCRAFT COMPANY, made certain expressed and implied warranties as to Subject Aircraft that it was fit for its intended purpose, not unreasonably dangerous and free from defects.

69.     That Plaintiffs' Decedent, MICHAEL BENTON BRATEK by way of his occupation of the Subject Aircraft, was a beneficiary of the warranties extended by the Defendant, CESSNA AIRCRAFT COMPANY.

70.  That at the time the Subject Aircraft was sold and delivered by the Defendant, CESSNA AIRCRAFT COMPANY, said Defendant breached its warranties.

71.     That as a direct and proximate result of the foregoing breach of warranties, the Subject Aircraft crashed into the ground near Columbus, Ohio at approximately 6:51 a.m. local time on December 5, 2007, causing Plaintiffs' Decedent, MICHAEL BENTON BRATEK to suffer personal injuries resulting in his death.

72.     Prior to his death, MICHAEL BENTON BRATEK, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror.

73.     At the time of his death, Plaintiff's decedent, MICHAEL BENTON BRATEK, left surviving certain next of kin, including his natural mother, BEVERLY BRATEK and his natural father, EUGENE J. BRATEK.

74.     By reason of the premises, the surviving next of kin of Plaintiffs' Decedent, MICHAEL BENTON BRATEK, have sustained substantial personal and pecuniary damages, including but not limited to loss of society and companionship, loss of goods and services, loss of support, and the loss of the decedents' earning capacity.

75.    RICHARD J. FRIEDMAN, JR. is the personal representative of the estate of MICHAEL BENTON BRATEK, deceased.

WHEREFORE the Plaintiff, RICHARD J. FRIEDMAN, JR., individually and as personal representative of the Estate of MICHAEL BENTON BRATEK, deceased, on behalf of the certain heirs of the decedent prays that judgment be entered in their favor and against the Defendant, CESSNA AIRCRAFT COMPANY, in a sum in excess of seventy-five thousand dollars ($75,000) for the decedent's claim, together with prejudgment interest, attorneys' fees and costs of this action.

### NINTH CLAIM FOR RELIEF – PUNITIVE CONDUCT – CESSNA

76.    Plaintiff incorporates herein by reference paragraphs one through 75, inclusive, of the General Allegations as though fully set forth herein.

77.    On August 11, 2006, in the course of discovery in an unrelated group of cases making nearly identical allegations against the Defendant CESSNA AIRCRAFT COMPANY, the deposition of Cessna training and engineering representative Steven McNew was taken in Wichita, Kansas.

78.    Beginning in 1996 Mr. McNew began preparing course material and teaching a portion of Cessna's recurrent training curriculum for Caravan pilots entitled the Cessna Safety Awareness Program: Winter Operations Update. This course began in 1996 and was subsequently taught at various locations around the United States and Canada in seminar format as a response to the growing number of Caravan 208 series aircraft accidents and the concern among operators and government agencies.

24

79.    The Defendant, CESSNA AIRCRAFT COMPANY, aggressively marketed participation in the program to operators of the Cessna 208 series aircraft and their pilots as a means of fostering greater operational skills in icing conditions.

80.    Contained in the course materials, all prepared by Mr. McNew in his capacity as an agent for Cessna, was a series of charts purporting to show actual values for performance penalties in rate of climb and maximum airspeed after one, two, three and four activations and cycles of de-icing boot function.

81.    Subsequent to the preparation and use of the values and figures in the charts and their inclusion into the Winter Operations Seminar materials, the same charts or portions thereof were adopted for use by the NTSB at its 2002 Icing Assessment Meetings, adopted for use by Flight Safety International in its pilot training material for the Cessna 208 series aircraft and incorporated as an exhibit to the 2006 Canadian Transportation Safety Board, Safety Recommendation for winter operations of the C208 and C208B.

82.    At the deposition of Mr. McNew, the witness acknowledged that the numbers in the tables were not based upon any tests, live or simulated and were made up by him, "out of thin air." The witness went on to state that the charts and the values were "fictitious" and "fabricated."

83.    Data included in pilot training material and presented as fact to pilots utilizing very specific airspeeds for all phases of flight must be accurate and similar data knowingly created out of "thin air" is dangerous, life threatening and irresponsible. The creation and promotion of this material to pilots and to the government constituted fraud.

84.    This data fraudulently created and used was in the public realm where it affected the understanding of pilots and government agencies of the Cessna Caravan 208

series aircraft performance and accident rate before the accident which is the subject of this action occurred. The data was utilized as fact at the time of the 1998 NTSB C208 icing inquiry, the 1990 Notice of Proposed Rule Making (NPRM) concerning the timing of de-icing boot activation, the 2002 NTSB Icing Inquiry and the 2006 Airworthiness Directives (AD).

85.    Similar conduct relating to the 1984-86 certification of the Cessna 208B for flight in known icing conditions has been discovered from Cessna personnel. Cessna's test flights did not: measure droplet size as measuring equipment was inoperative; test water content, or measure distance of flight as required by Appendix "C" part 25 of the Federal Aviation Regulations (FAR's). The exercise of Delegated Option Authority("DOA") by Cessna and the testing representations it made to the FAA as a result of this testing were fraudulent misuses of that "DOA" authority that were used to obtain FAA certification and ultimately resulted in the deaths and injuries of dozens of pilots, including Plaintiffs' Decedent, MICHAEL BENTON BRATEK.

86.    Finally, additional similar conduct has been discovered with respect to the change in the specification for the operation of the artificial stall warning system.  This specification was introduced in 1986.  Virtually every aircraft in the Caravan 208B series was to be provided with an artificial stall warning system capable of warning the pilot of an impending stall and arrange a 5 to 10 KIAS in advance of aerodynamic stall.  The pilots have been provided information concerning the operation of this stall warning as part of the Pilot's Operating Handbook. As a result of the application of the incorrect specification, the stall warning will not sound in a 5 to 10 KIAS range.  The miscalibrated stall warning on Caravan 208B have been surveyed and virtually all aircraft may anticipate a stall warning in

a much smaller 2 to 5 KIAS range. Consequently, in the presence of icing conditions there may be no stall warning from this system in advance of an aircraft upset. Cessna has been aware of the miscalibration issue since 2005, prior to the date of this accident.

87.    As a direct and proximate result of the fraud and misuse of authority by the Defendant, CESSNA AIRCRAFT COMPANY, as set forth above, the Subject Aircraft, crashed into the ground near Columbus, Ohio at approximately 6:51 a.m. local time on December 5, 2007, causing Plaintiffs' Decedent, MICHAEL BENTON BRATEK to suffer personal injuries resulting in his death.

88.    Prior to his death, MICHAEL BENTON BRATEK, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror.

89.    At the time of his death, Plaintiff's Decedent, MICHAEL BENTON BRATEK, left surviving certain next of kin, including his mother, BEVERLY BRATEK and his natural father, EUGENE J. BRATEK.

90.    By reason of the premises, the surviving next of kin of Plaintiff's Decedent, MICHAEL BENTON BRATEK, and each of them, have sustained substantial personal and pecuniary damages, including but not limited to loss of society and companionship, loss of goods and services, loss of support, and the loss of the decedent's earning capacity.

91.    RICHARD J. FRIEDMAN, JR. is the personal representative of the Estate of MICHAEL BENTON BRATEK, deceased.

**WHEREFORE,** the Plaintiff, RICHARD J. FRIEDMAN, JR., individually and as personal representative of the estate of MICHAEL BENTON BRATEK, deceased and on behalf of the individual heirs and natural parents of the decedent, prays that judgment be

entered in their favor and against the Defendant, CESSNA AIRCRAFT COMPANY, in a sum in excess of seventy-five thousand dollars ($75,000), together with prejudgment interest, attorneys' fees and costs of this action.

### TENTH CLAIM FOR RELIEF - PUNITIVE DAMAGES – CESSNA

92.    Plaintiff incorporates herein by reference paragraphs one through 91, inclusive, including the general allegations as though fully set forth herein.

93.    The deliberate and willful conduct of the Defendant Cessna as set forth in paragraphs 77 through 86, above constituted a willful, wanton and total disregard for the lives and safety of Cessna Caravan 208 series aircraft pilots and foreseeable passengers, including Plaintiff's Decedent, MICHAEL BENTON BRATEK, and justifies the award of punitive damages to the Plaintiff and the Estate of Plaintiff's Decedent.

**WHEREFORE**, Plaintiff RICHARD J. FRIEDMAN, JR. individually and as personal representative of the Estate of MICHAEL BENTON BRATEK, Deceased and specifically on behalf of the surviving natural mother, BEVERLY BRATEK, and natural father, EUGENE J. BRATEK, and each of them pray that judgment be entered in their favor and against the Defendant, The Estate of JAMES A. BABCOCK, Deceased, in a sum in excess of Seventy Five Thousand ($75,000.00) Dollars for the decedent's claim, together with the prejudgment interest, attorney's fees and the costs of this action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on the complaint in the above-entitled action.

Dated: _____8/29/09_____

ATTORNEYS FOR PLAINTIFFS

Jerome L. Skinner, Esq.
NOLAN LAW GROUP
3074 Madison Road
Cincinnati, Ohio 45209
(513) 533-2026

Donald J. Nolan, Esq.
Thomas P. Routh, Esq.
Stephanie L. Stalter, Esq.
NOLAN LAW GROUP
20 North Clark Street
30th Floor
Chicago, Illinois 60602
(312) 630-4000

Charles S. Desmond, II, Esq.
Gibson, McAskill & Crosby, LLP
69 Delaware Avenue, Suite 900
Buffalo, NY  14202
(716) 856-4200

I:\ULS\Caravan\Columbus\Bratek w\russian.doc