IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

Richard J. Friedman, Jr. as : 
Administrator of the Estate of
Michael Bratek, Deceased, : Case No. 2:09-cv-749

      Plaintiff, : Judge Sargus
            Magistrate Judge Kemp
v. :

Castle Aviation, et al., :

      Defendants. :

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

During discovery in this action, the parties may be required to produce documents, answer interrogatories and requests for admissions and provide testimony that might reveal confidential and proprietary business information and trade secrets that should not be disclosed except in a restricted manner. The parties desire to accomplish and facilitate discovery in this action without jeopardizing their business and commercial interests in the confidentiality of this information. The undersigned parties therefore agree:

    1.    The parties shall have the right to designate as "Confidential" any document, interrogatory answer, response to request for admission, deposition or testimony that they give or produce in this case, provided that it concerns bona fide nonpublic trade secrets, nonpublic financial information, research and development information, nonpublic commercial information relating to future development plans and information relating to sale negotiations or transactions currently in progress or in prospect. Any documents or information designated as "Confidential" (hereinafter "Confidential Material") shall have the legend "CONFIDENTIAL" (placed on it so

as not to obscure the information on the document), and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order. Any party may challenge the designation by any other party at any time prior to the termination of the litigation.

2. Confidential Material shall be used by the parties and their counsel solely for the purpose of conducting the above-captioned litigation and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Protective Order as set forth in paragraph 3 below. The attorneys of record for the parties are responsible for employing adequate and reasonable measures to ensure compliance with this Stipulated Protective Order.

3. Prior to trial, access to Confidential Material and to the information contained therein (including extracts and summaries derived from such material) shall be restricted to the following Qualified Persons:

> A. the attorneys working on this action on behalf of the parties, and their employees or agents working on this action;
>
> B. the parties, their employees, officers and agents who are working on this action and whose assistance is required in the preparation of this matter for trial;
>
> C. experts and consultants who are employed or retained by any of the parties or their counsel, provided that they may not retain the Confidential Material after that use has ended, and further provided that such experts and consultants are advised of the existence of this

Stipulated Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms;

D. the court and its support personnel and court reporters;

E. any witness in this litigation that is deposed or questioned;

F. any person designated by mutual agreement of the parties, or by the court in the interest of justice, upon such terms as the court may deem proper.

4. The Qualified Persons described in paragraph 3 shall not include any competitor to any of the parties (excepting to the extent that any of the parties are competitors with themselves, and/or excepting witnesses in this litigation, and/or parties to this litigation after agreeing to this Protective Order), and every recipient of Confidential Material is hereby enjoined from disclosing such Confidential Material to any competitor of any party excepting above. A competitor of any party shall be deemed to include any person or legal entity engaged in the manufacture, maintenance and/or overhaul of aircraft, aircraft engines or component parts thereof, including any employee or agent of such a person or entity (so long as they are not a party to this litigation). Any such disclosure shall be deemed a material breach of this Stipulated Protective Order which may result in irreparable harm to a party.

5. The inadvertent failure of a party to designate discovery material as Confidential Material, at the time of production shall not constitute a waiver of the party's claim to confidentiality as long as the party promptly designates such material as Confidential Material

under the protection of this Stipulated Protective Order. The recipient of such documents agrees to cooperate with the producing party to remedy the inadvertent disclosure.

6. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and its failure to do so shall not preclude a subsequent challenge to such a designation. In the event that a party disagrees at any stage of these proceedings with another party's designation of any material as Confidential Material, the parties shall attempt to resolve such dispute in good faith on an informal basis within a reasonable amount of time. If the disagreement cannot be resolved in this fashion, the objecting party may, by sealed motion setting forth with specificity the material challenged, seek an order freeing that material from the designation as Confidential Material. The party seeking the confidential designation shall have the burden of establishing that the information is entitled to confidential treatment. Any material as to which such a motion is made shall be treated as Confidential Material under the provisions of this Order until further order of the Court.

7. In the event that counsel for any party files with the Court any Confidential Material or any papers containing any such material, such material and papers shall be filed only "UNDER SEAL" in compliance with the applicable court rules regarding the filing of materials under seal. Any Confidential Material filed under seal pursuant to this Confidentiality Order shall not be unsealed at final disposition of the action.

8. This Protective Order shall not prevent Confidential Material from being offered or received as evidence at trial or from being used with witnesses or potential witnesses in this litigation, subject to such confidentiality measures as the Court may then prescribe, if any. But for such use at trial and with witnesses, Confidential Material shall continue to be treated in accordance with this Stipulated Protective Order. The use or admission of Confidential Material

at trial shall not affect the right of the parties to designate the same or similar materials as Confidential Material in any other or subsequent litigation, civil action or proceeding.

9. Within forty five (45) days of the termination of this litigation, including the final determination of any appeal, all Confidential Materials and all copies, summaries, or excerpts thereof, shall be returned to counsel for the party who produced the Confidential Materials or destroyed by counsel or the experts receiving a copy of such material. Counsel shall certify that s/he has recovered all Confidential Material from Qualified Persons to whom such materials may have been distributed during the litigation, and has returned such documents to counsel for the party who produced the Confidential Material, or has made efforts to see that they were destroyed.

10. In the event that any recipient of Confidential Material is served with a subpoena, document request or other request for the production of Confidential Material, such recipient shall assert the existence of this Protective Order and refuse to produce such documents unless further ordered by a court of competent jurisdiction. Unless otherwise ordered by the court, no disclosure of such records shall be made until at least thirty (30) days after notice of such subpoena or request is provided to the party which originally produced such Confidential Material, which notice shall as soon as possible be provided to counsel for the party who produced the Confidential Material. It shall be the responsibility of the original producing party to contest such disclosure. The party to whom the request was made shall cooperate with the original producing party in its efforts to quash or prevent such disclosure; provided, however if the original producing party does not contest such disclosure the party to whom the request is made may produce such records.

11. This Stipulated Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the parties, their attorneys, agents and employees, to enforce the provisions hereof.

12. Nothing contained in this Stipulated Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of the Confidential Material.

13. This Stipulated Protective Order represents a valid and binding agreement of the parties effective as of the date executed by their authorized representatives.

14. This Stipulated Protective Order may be modified at any time by motion of any party or by the Court upon its own motion.

DATED this 7th day of April, 2010.

**IT IS SO ORDERED**.

/s/ Terence P. Kemp
United States Magistrate Judge

s/ Jerome L. Skinner via email
Jerome L. Skinner (0014768)
NOLAN LAW GROUP
3074 Madison Road
Cincinnati, OH  45209
Telephone: (513) 533-2026
Fax:   (513) 721-2301
Email: jls@nolan-law.com
*Attorney for Plaintiff*

and

Thomas P. Routh
NOLAN LAW GROUP
20 N. Clark Street, 30th Floor
Chicago, IL  60602
Telephone:  (312) 630-4000
Fax:  (312) 630-4011
Email: tpr@nolan-law.com
*Pro Hac Vice Attorney  for Plaintiff*

 s/ Douglas William Rennie via email
Douglas William Rennie (0001148)
Lisa Marie Zaring (0080659)
Montgomery, Rennie & Jonson
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202
Telephone: (513) 241-4722 Phone
Fax: (513) 241-8775
drennie@mrjlaw.com
lzaring@mrjlaw.com
*Attorneys for Castle Aviation and The Estate of James A. Babcock*


s/ Robert L. Washburn via email
Robert L. Washburn, Jr. (0012004)
Cloppert Latanick Sauter & Washburn
225 East Broad Street
Columbus, Ohio 43215
Telephone: (614) 461-4455
Fax: (614) 621-6293
rwashburn@cloppertlaw.com
*Attorneys for Avion Capital Corporation*


Jay B. Eggspuehler (0047360)
Nikki S. Mesnard  (0083682)
300 Spruce Street, Floor One
Columbus, Ohio  43215
Telephone:  (614) 221-5216
Fax:  (614) 221-4541
jeggspuehler@wileslaw.com
nmesnard@wileslaw.com
*Attorneys for Defendant The Cessna Aircraft Company*

and

Don G. Rushing
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
Telephone: (858) 720-5145
DRushing@mofo.com
*Pro Hac Vice Attorney for Defendant The Cessna Aircraft Company*


_s/ Jerry A. Eichenberger via email_____
Jerry A. Eichenberger (0010855)
Michael E. Buckley (0069727)
Eichenberger & Buckley
6099 Frantz Road
Dublin, Ohio 43017
Telephone: (614) 798-1600
jeichenberger@ehlawyers.com
mbuckley@ehlawyers.com
*Attorneys for Columbus Regional Airport*

and

Alex Herran
John S. Hoff
Hoff & Herran
135 South LaSalle Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-8111
Fax: (312) 853-3924
ah@aviationattorney.com
jsh@aviationattorney.com
*Pro Hac Vice Attorneys for Columbus Regional Airport*

**EXHIBIT A**

I have been given a copy of the Confidentiality Agreement entered into in the case of Friedman v. Castle Aviation, in the U.S. District Court for the Southern District of Ohio, case no. 2:09-CV-749, and have read it and agree to be bound by its terms when I receive material designated as "Confidential" pursuant to the terms of that Agreement.

| | |
|---|---|
| Date | Signature |
| | Address: |

278317v1