IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD J. FRIEDMAN JR.,** *as Administrator of the Estate on behalf of Michael Bratek*,

**Plaintiff,**

v.

**CASTLE AVIATION, et al.**

**Defendants.**

Case No. 2:09-cv-749

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE TERENCE P. KEMP

## OPINION AND ORDER

Plaintiff, Richard J. Friedman, as Administrator of the Estate on behalf of Michael Bratek, brings this tort action against the Cessna Aircraft Company ("Cessna"), among other defendants.[1] Diversity jurisdiction lies with this Court pursuant to 28 U.S.C. § 1332(a). This matter is now before the Court for consideration of Cessna's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 58) and Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 66).[2] These motions have been fully briefed and are now ripe for disposition.[3] For the reasons that follow, Plaintiff's Motion for Leave to File Second Amended Complaint is granted, and Cessna's Motion to Dismiss Plaintiff's First Amended Complaint is denied as moot.

I. **Background**

The genesis of this action is an airplane crash that occurred shortly take-off from Rickenbacker International Airport in Columbus, Ohio, on December 5, 2007. The pilot, James

---

[1] Plaintiff has also named as Defendants the Columbus Regional Airport Authority, Castle Aviation, Avion Capital Corporation, Total Airport Services, and the Estate of James A. Babcock. Total Airport Services has been dismissed as a party to this action. The remaining defendants are not parties to the motion at bar. This Opinion and Order will therefore be limited to the facts relating to the moving Defendant.

[2] Plaintiff's request for leave to file a Second Amended Complaint is incorporated in his Response to Cessna's Motion to Dismiss Plaintiff's First Amended Complaint. See Doc. 66. The request is docketed without a docket entry number as a motion filed on October 4, 2010.

[3] The time for filing responsive briefings to Plaintiff's Motion for Leave to File Second Amended Complaint has long since passed, and only Defendant Cessna has filed a response.

A. Babcock, and Plaintiff's decedent, passenger Michael Bratek, were both killed. The aircraft that crashed was a Cessna 208B manufactured by the Cessna Aircraft Company in 1999.

In his First Amended Complaint, Plaintiff asserts five claims against Cessna: negligence, negligence per se, breach of warranty, punitive conduct, and punitive damages. Cessna filed a motion to dismiss the claims against it for failure to state a claim upon which relief can be granted. Specifically, Cessna contends, first, that Plaintiff's First Amended Complaint fails to provide sufficient factual matters to state a claim for relief that is plausible on its face, and, second, that Plaintiff fails to reference the relevant provisions of the Ohio Product Liability Act.

In response, Plaintiff argues that his First Amended Complaint satisfies the pleading standards necessary to survive a motion to dismiss, clarifies the allegations presented in the First Amended Complaint, and requests leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15 so as to formalize the clarifications presented in the response brief to Cessna's Motion to Dismiss. Cessna filed a reply stating that it does not oppose Plaintiff's Motion for Leave to File a Second Amended Complaint. Nevertheless, Cessna indicated that Plaintiff's proposed Second Amended Complaint, as currently drafted, will be the subject of another motion to dismiss, because Cessna contends that the proposed Second Amended Complaint fails to articulate how the alleged defects in the Cessna that crashed proximately caused the injuries and damages claimed by Plaintiff. Though not framed as such, Cessna's reply is in essence an argument that leave to amend should be denied based on futility.

Rule 15 provides, "[A] party may amend its pleadings with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant or deny leave to amend lies within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A court need not grant leave to amend, however, where amendment would be 'futile.'" *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman*, 371 U.S. at 182)). Courts find futility "when the proposed

amendment would not permit the complaint to survive a motion to dismiss." *Id.* Thus, courts may deny leave to amend when a proposed amendment fails to "state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b).

Although the grounds discussed above may warrant denial of leave to amend, courts interpret Rule 15(a) "as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'" *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir. 2001) (citations omitted). Here, with the liberal policy of Rule 15(a) in mind, the Court grants Plaintiff's Motion to Amend.

To the extent Defendant Cessna's responsive brief to Plaintiff's motion is intended to raise a futility argument, such argument consists of a single paragraph asserting that Plaintiff's proposed Second Amended Complaint fails to articulate how any of the alleged defects of the accident aircraft proximately caused the injuries and death of Plaintiff's decedent. However, as noted above, Defendant has indicated that it intends to file a Rule 12(b)(6) motion, as is Defendant's prerogative, if Plaintiff's Rule 15 Motion for Leave to Amend is granted. Accordingly, the Court finds that this issue is more appropriately addressed after full briefing by both parties upon a proper Rule 12(b)(6) motion if and when such motion is filed.

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 66) and **DENIES** as moot Plaintiff's First Amended Complaint (Doc. 58).

**IT IS SO ORDERED.**

5-17-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

3